**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **4:19 CR 950 JAR** |
| | ) | |
| v. | ) | |
| | ) | |
| **GUSTAVO MORALES-CANO,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant, by and through undersigned counsel, and hereby submits to the Court the following Sentencing Memorandum:

**I.      Introduction**

Gustova Morales-Cano is a 25 year-old Hispanic male who was in this country legally on a H2A temporary work Visa from July 15, 2019 to August 11, 2019.  Gustavo  is an Agricultural Worker who is not married and has no children.  At the time alleged in the indictment, Gustavo was in this country illegally and knew he was here illegally.

Gustavo's father recently passed away of lung cancer and kidney failure, leaving his mother alone in Mexico as a homemaker.  Gustavo came to this country legally to work and send money back to his mother but unfortunately did not keep up with his immigration status.  Gustavo's father was an alcoholic and Gustavo watched his dad abuse his mother at a very early age.

The instant offense involves Illegal Alien in Possession of a Firearm in violation of 18 U.S.C., section 922 (g)(5)(A) and 18 U.S.C., section 924 (a)(2).

Gustavo Morales-Cano waived pretrial motions and ultimately pleaded guilty on February 14, 2020.  Gustavo has been in custody since November 19, 2019.  Gustavo has not violated any conditions of his confinement.

**\* Base Offense Level:**              14

**\* Specific Offense Characteristics**  4

**\* Chapter Four Enhancement**          0

| | |
|---|---|
| *Acceptance of Responsibility | -3 |
| * Total Offense Level | 15 |

The Pre-sentence Investigation Report generated by the U.S. Probation Office places Gustavo at Criminal History Category I.  Category I with a base offense level of 15 calls for a *suggested* term of imprisonment of between 18 and 24 months.  (See Sentencing Table, Offense Level 15 - Criminal History Category I).

II.     **General 18 U.S.C. 3553 (a) Considerations in Support of Motion to Downward Departure**

The Court is no longer mandated to rely on mere numbers in determining the appropriate Guideline range and may delve into a more-reasoned and flexible approach to sentencing.  *See generally, United States v. Booker,* 543 U.S. 220 (2005).  Under 18 U.S.C. Section 3553 (a), this Court is to impose a sentence that is sufficient but not greater than necessary.  A downward departure in this matter is aligned with objectives and concomitant points of consideration as set forth in 18 U.S.C. Section 3553 (a) where this Court is to impose a sentence aligned with a particular offender's crime and background and further satisfies certain prescribed goals of protecting the public, promoting respect for the law, and providing just punishment for the offense(s).  *See generally*, 18 U.S.C. Section 3553 (a). In determining the appropriate sentences and finding a departure warranted, this Court must consider the following:

(1)     nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     need for the sentence imposed to accomplish each of the purposes of sentencing listed in Section 3553 (a) (2);

(3)     kinds of sentences available to the Court;

(4)     the Sentencing Guidelines:

(5)     relevant policy statements issued by the Sentencing Commission;

(6)     need to avoid unwarranted sentencing disparities among similarly situated defendants; and

(7)     need to provide restitution to the victims.

*See* 18 U.S.C. Section 3553 (a).

For the following additional reasons, a downward departure comports with this Court's

sentencing objective to impose a sentence that is sufficient but not greater than necessary under 18 U.S.C. Section 3553 (a).

### III. Involvement in this Offense

This indictment charges two (2) Co-Defendants for a single occurrence on October 27, 2019.  Gustavo was compliant and did not give the arresting officers any trouble.  While this is a serious offense, the single occurrence and the fact that nobody was injured should be taken into account.  Gustavo also has no criminal history of any kind.

### IV. Childhood Upbringing

Gustavo grew up watching his father drink himself to death and abusing his mother.  All Gustavo wanted to do was to help his mother by providing financial assistance from the United States.  Gustavo initially followed all immigration protocols but failed to revive his Visa from August of 2019 thru October of 2019.

### VI. Conclusion

Following *Booker*, this Court no longer suffers from the rigidity of universal application of the Sentencing Guidelines without the ability to conduct its own inquiry into a particular offender's background.  Gustavo Morales-Cano did not put the government to its burden of proof at trial and voluntarily did the right thing by pleading guilty as charged.  This Court should determine what society will gain with the lengthy incarceration of Gustavo Morales-Cano and the cost of said incarceration.  Gustavo is subject to immediate deportation once the sentence is announced.

It is the position of the defense, and a reasonable position, that a sentence of credit for time served is appropriate under these circumstances.  I respectfully ask the Court to consider credit for the 5 months Gustavo has already served based on the factors laid out.

Respectfully submitted,

_/S/Lenny Kagan_____
Lenny Kagan, #52284MO
7911 Forsyth Blvd.
Suite 300
Clayton, Missouri 63105
(314) 913-9990
(314) 863-5335 Fax
Lgkagan@hotmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2020, the above and foregoing document was delivered by means of the Court's electronic filing system and to be served upon all interested parties by same means.

      _/S/Lenny Kagan_____
      Lenny Kagan, #52284MO
      Attorney for Defendant